IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01507-BNB

GREGORY B. McCOY,

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2009

GREGORY C. LANGHAM
CLERK

───────────────────────────────────────────────

ORDER OF DISMISSAL

───────────────────────────────────────────────

I. Background

Applicant Gregory B. McCoy is a prisoner in the custody of the Colorado
Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. McCoy
initiated this action on July 14, 2008, by submitting to the Court a *pro se* Application for
a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his
conviction in the Arapahoe County District Court in Case No. 93CR1006. Magistrate
Judge Boyd N. Boland reviewed the Application and entered an order on July 31, 2008,
directing Respondents to file a Pre-Answer Response (Pre-Answer) limited to
addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and
exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 19,
2008, Respondents filed a Pre-Answer, and on September 4, 2008, Mr. McCoy filed a
Reply to the Pre-Answer.

In his Application, Mr. McCoy asserts that he was convicted by a trial jury of
menacing, of one count of theft, and of two counts of aggravated robbery and was

sentenced to a total of forty years of incarceration. (Application at 2-3) He further

states that he filed a direct appeal in which a petition for certiorari review was denied on

October 20, 1997. (Application at 3.) Mr. McCoy also states that he has filed three

postconviction motions. The first motion, a Colo. R. Crim. P. 35(c) postconviction

motion, was filed on October 8, 1999, and the trial court's denial of the motion was

affirmed on appeal on June 27, 2002. (Application at 4.) Mr. McCoy asserts he did not

file a petition for certiorari review in the motion. (Application at 4.) The second motion,

a Colo. R. Crim. P. 33 motion, was filed on July 10, 2003, and the trial court's denial of

the motion was affirmed on appeal on August 25, 2005. (Application at 4a.) Again, Mr.

McCoy asserts he did not file a petition for certiorari review in the motion. (Application

at 4a.) The third motion, a Colo. R. Crim. P. 35(a) postconviction motion, was filed on

November 14, 2005, and the trial court's denial of the motion was affirmed on appeal

on September 27, 2007. (Application at 4b.) Mr. McCoy, again, asserts he did not file

a petition for certiorari review. (Application at 4b.)

II. Analysis

The Court must construe liberally Mr. McCoy's Application and Reply because he

is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant

to the judgment of a State court.  The limitation period shall
run from the latest of–

> (A)  the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. McCoy's Application is untimely.  (Pre-Answer at 7.)

In the Pre-Answer, Respondents assert that Mr. McCoy was found guilty of two counts

of aggravated robbery, theft, and two counts of menacing.  (Pre-Answer at 1-2.)  They

further assert that Mr. McCoy was sentenced on January 19, 1995, to two consecutive

twenty-year prison terms for the aggravated robbery offenses and to shorter concurrent

sentences for the other convictions.  (Pre-Answer at 2.)  Respondents also state that

Mr. McCoy filed a direct appeal and that the court of appeals affirmed the convictions

but remanded the case for resentencing, which took place on March 13, 1998, and resulted in the same two consecutive, twenty-year sentences.  (Pre-Answer at 2.)  They further state that Mr. McCoy's conviction became final on April 27, 1998, forty-five days following the March 13 sentencing, because he did not file a direct appeal.

Respondents contend that on June 5, 1998, which is thirty-nine days after his conviction became final, Mr. McCoy filed a Colo. R. Crim. P. 35(b) motion for reconsideration of his sentence.  (Pre-Answer at 5.)  They also contend that the proceedings in the Rule 35(b) motion were completed on June 23, 1998, and 272 days later Mr. McCoy filed a second Rule 35(b) motion.  (Pre-Answer at 5.)  Respondents further assert that Mr. McCoy waited another 264 days after the conclusion of the second Rule 35(b) motion proceedings before he filed a Colo. R. Crim. P. 35(c) postconviction motion on April 3, 2000.   (Pre-Answer at 5.)  Respondents further assert that the proceedings in the April 3, 2000, motion concluded on August 26, 2002, and on August 28, 2002, Mr. McCoy filed a Colo. R. Crim. P. 35(a) postconviction motion, which concluded on January 29, 2003, followed by a another Rule 35(b) motion on February 24, 2003, which concluded on June 4, 2003.  (Pre-Answer at 5.)  Respondents state that Mr. McCoy then filed a Colo. R. Crim P. 33 motion on July 14, 2003, which concluded on October 26, 2005.  (Pre-Answer at 5.)  There were also other motions filed while the Rule 33 motion was pending on appeal, and the proceedings in those motions concluded on December 7, 2007.  (Pre-Answer at 5.)  Respondents further state that Mr. McCoy then filed a Rule 35(a) motion on February 4, 2008, which was denied on March 28, 2008.[1]  (Pre-Answer at 5.)

---

[1]  Respondents identify the date as March 28, 2005.  The reference to 2005 is a typographical error.  Based on the LexisNexis Docket in Exhibit A at Page 25, the Court finds

4

Respondents argue it is questionable that all of the postconviction motions filed between June 5, 1998, and February 4, 2008, were filed properly.  (Pre-Answer at 6.) Respondents contend that some of the Rule 35(b) motions were filed well after the March 13, 1998, resentencing date and are untimely.  (Pre-Answer at 6.)   Respondents conclude, however, that it is unnecessary to conduct a separate inquiry into whether the Rule 35(b), or any postconviction motion, were timely, because 813 days were not tolled between when Mr. McCoy's sentence and conviction became final and when the instant action was filed.  (Pre-Answer at 6.)

The Court has reviewed the Pre-Answer, including Exhibit A, which is a copy of the LexisNexis Docket for the state criminal case at issue, the Application, and the Reply and finds the following.  Mr. McCoy was sentenced on March 13, 1998, pursuant to a resentencing hearing on remand from the state court of appeals.  (Pre-Answer, Ex. A (LexisNexis Docket) at 15-16.)  He did not file an appeal within forty-five days, so his conviction and sentence became final on April 27, 1998.  *See* Colo. App. R. 4(b).[2]

On June 5, 1998, Mr. McCoy filed a Rule 35(b) postconviction motion, which was denied on June 23, 1998.  (Pre-Answer, Ex. A at 16.)  There is no entry in the docket for a notice of a proper appeal of the postconviction motion.  Relief pursuant to section (b) is discretionary and the exercise of the sentencing court's discretion is generally not subject to appeal.  *Ghrist v. People*, 897 P.2d 809, 812 (Colo. 1995).  Nonetheless, if an appeal were appropriate in this case, Applicant would be allowed forty-five days to

---

that there is an entry on March 28, 2008, for the denial of Applicant's Rule 35(a) motion.

   [2] Although a notice of appeal was filed on March 5, 1999, the appeal was dismissed with prejudice on August 24, 1999.  Therefore, the Court finds that notice of appeal was not accepted either as a delayed notice in a direct appeal or as an appeal of the denial of the June 5, 1998, Rule 35(b) motion.

appeal and such time would be subject to tolling under 28 U.S.C. § 2244(d), even if Applicant did not seek an appeal.  Therefore, the Rule 35(b) motion would be considered final on August 7, 1998.

Mr. McCoy did not file his next postconviction motion, another Rule 35(b) motion until March 22, 1999.  (Pre-Answer, Ex. A at 17.)  The Rule 35(b) motion was denied on July 14, 2008, and again Mr. McCoy did not appeal but would be allowed forty-five days of tolling under § 2244(d).  The second Rule 35(b) motion, therefore, would be considered final on August 28, 1999.  Mr. McCoy then filed a Rule 35(c) postconviction motion on April 3, 2000.

Without considering the remainder of Mr. McCoy's postconviction motions, the Court finds that from the date his conviction became final, April 27, 1998, until he filed his postconviction motion on April 3, 2000, the time was not tolled for a total of 482 days.

Mr. McCoy does not allege in either the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. Applicant also does not assert that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence or that there were impediments to filing an application which were created by state action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See*

6

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. McCoy bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

In his Reply, Mr. McCoy appears to argue that because the time period for filing a postconviction motion in the State of Colorado is three years from the date a mandate issues, and because the claims he presented to the state district court and to the state appeals court were first raised in a 2000 postconviction motion, the one-year time period for those issues did not begin to run until the mandate was issued in the 2000 motion, which was December 27, 2007. Mr. McCoy concludes that he has until December 27, 2008, to file the instant action. He further asserts that the great lapse in time for filing the instant action was due to the delay by the state district court and state appeals court delays in processing his motions.

Mr. McCoy's arguments lack merit. First, this Court has accounted for all time tolled under 28 U.S.C. § 2244(d) from the day after his conviction became final until he filed his third postconviction on April 3, 2000. The length of time that it took a state court to respond or decide his motion is not considered as part of the one-year limitation time period because the time was tolled during this time. Second, Mr. McCoy misinterprets the requirements set forth in § 2244(d) for filing a habeas action in this Court. As stated above, he has one year from the time his conviction and sentence are final to file a § 2254 action in this Court. The time may be tolled if he has a

7

postconviction motion or collateral proceeding pending in state court.  As found above,

at least 485 days from the date his conviction became final on April 27, 1998, until he

filed the instant action in this Court on July 14, 2008, are not tolled under 28 U.S.C.

§ 2244(d).  The three years allowed to file a state postconviction motion under state law

does not toll the time allowed under § 2244(d).  The instant action, therefore, is barred

by the one-year limitation period.

    B.  State-Court Exhaustion

    Because the action clearly is time-barred, the Court will refrain from addressing

whether Mr. McCoy has exhausted his state court remedies.

III. Conclusion

    Based on the above findings, the Court will dismiss the action as barred from

federal habeas review.

    Although the Court entered an Order of Dismissal and Judgment in this action

approximately on September 18, 2008, it has come to the Court's attention that the

order and judgment were not docketed.  Therefore, the Court is re-entering the

dismissal order and the judgment.  Accordingly, it is

    ORDERED that the Application is denied and the action is dismissed because it

is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

    DATED at Denver, Colorado, this _16_ day of _____Sept._____, 2009.

                        BY THE COURT:

                        ZITA L. WEINSHIENK, Senior Judge
                        United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01507-BNB

Gregory B. McCoy
Prisoner No.  57953
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Katherine A. Hansen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/16/09

GREGORY C. LANGHAM, CLERK

By: _____
                           Deputy Clerk